**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **Droplets, Inc.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No.  2:11-cv-255** |
| **vs.** | § | |
| | § | |
| **E*Trade Financial Corporation,** | § | **JURY TRIAL** |
| **E*Trade Securities, LLC,** | § | |
| **E*Trade Bank,** | § | |
| **The Charles Schwab Corporation,** | § | |
| **Charles Schwab & Co., Inc.,** | § | |
| **Charles Schwab Bank,** | § | |
| **Schwab Holdings, Inc.,** | § | |
| **Merrill Lynch & Co., Inc.,** | § | |
| **Merrill Lynch, Pierce, Fenner & Smith,** | § | |
| **Inc.,** | § | |
| **OptionsHouse, LLC,** | § | |
| **PEAK6 Investments, L.P.,** | § | |
| **PEAK6 Capital Management, LLC,** | § | |
| **Scottrade, Inc.,** | § | |
| **Scottrade Financial Services, Inc.,** | § | |
| **TD Ameritrade Holding Corporation.,** | § | |
| **TD Ameritrade, Inc.,** | § | |
| **Zecco Holdings, Inc.,** | § | |
| **Zecco Trading, Inc.,** | § | |
| **Zecco Forex, Inc.,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Droplets, Inc. ("Droplets" or "Plaintiff") files this Complaint for patent

infringement against Defendants E*Trade Financial Corporation, E*Trade Securities, LLC,

E*Trade Bank (E*Trade Financial Corporation, E*Trade Securities, LLC, and E*Trade Bank

collectively "E*Trade"), The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles

Schwab Bank, Schwab Holdings, Inc. (The Charles Schwab Corporation, Charles Schwab & Co.,

Inc., Charles Schwab Bank, and Schwab Holdings, Inc. collectively "Charles Schwab"), Merrill

1

Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., (Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc. collectively "Merrill Lynch"), OptionsHouse, LLC, PEAK6 Investments, L.P., PEAK6 Capital Management, LLC, (OptionsHouse, LLC, PEAK6 Investments, L.P., and PEAK6 Capital Management, LLC collectively "OptionsHouse"), Scottrade, Inc., Scottrade Financial Services, Inc. (Scottrade, Inc. and Scottrade Financial Services, Inc. collectively "Scottrade"), TD Ameritrade Holding Corporation, TD Ameritrade, Inc. (TD Ameritrade Holding Corporation and TD Ameritrade, Inc. collectively "TD Ameritrade"), Zecco Holdings, Inc., Zecco Trading, Inc., and Zecco Forex, Inc. (Zecco Holdings, Inc., Zecco Trading, Inc., and Zecco Forex, Inc. collectively "Zecco"), (collectively "Defendants"), and alleges as follows:

## I.    PARTIES

1.      Plaintiff Droplets is a corporation organized and existing under the laws of Delaware, with its principal place of business at 555 Republic Dr., Ste. 311, Plano, TX  75074. Droplets is an innovative software development corporation focused on technology for developing and delivering highly functional and scalable applications over the Internet.  As a result of this leading-edge development, Droplets has received patents on its platform, which includes deployment of rich internet applications and related technology.  Droplets has sold products based on its technology  to Global 1000 enterprises, U.S. armed services, independent software vendors, and application service providers.

2.      Upon information and belief, E*Trade Financial Corporation is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1271 Avenue of the Americas, 14th Floor, New York, NY 10020.  E*Trade Financial Corporation may be served with process by serving its

2

registered agent, Corporation Service Company at 2711 Centerville Road, Ste. 400, Wilmington, DE 19808.

3.      Upon information and belief, E*Trade Securities, LLC is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1271 Avenue of the Americas, 14th Floor, New York, NY 10020.  E*Trade Securities, LLC may be served with process by serving its registered agent, Corporation Service Company at 2711 Centerville Road, Ste. 400, Wilmington, DE 19808.

4.      Upon information and belief, E*Trade Bank is, and at all relevant times mentioned herein was, a federally-chartered banking subsidiary of E*Trade Financial Corporation with its principal place of business in Arlington, Virginia.  E*Trade Bank may be served with process through its President, Peter Knitzer at 671 North Glebe Road, 16th Floor, Arlington, VA 22203.

5.      Upon information and belief, The Charles Schwab Corporation is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 211 Main Street, San Francisco, CA 94105.  The Charles Schwab Corporation may be served with process by serving its registered agent, CT Corporation System at 818 W 7th St., Los Angeles, CA 90017.

6.      Upon information and belief, Charles Schwab & Co., Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business at 211 Main Street, San Francisco, CA 94105.  Charles Schwab & Co., Inc. may be served with process by serving its registered agent, CT Corporation System at 818 W 7th St., Los Angeles, CA 90017.

7.      Upon information and belief, Charles Schwab Bank is, and at all relevant times mentioned herein was, a federally-chartered banking subsidiary of The Charles Schwab Corporation with its principal place of business 5190 Neil Road, Reno, NV 89502.  Charles Schwab Bank may be served with process by serving its registered agent, CT Corporation System at 350 North St. Paul Street, Suite 2900, Dallas, TX  75201-4234.

8.      Upon information and belief, Schwab Holdings, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 211 Main Street, San Francisco, CA 94105. Schwab Holdings, Inc. may be served with process by serving its registered agent, The Corporation Trust Co. at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

9.      Upon information and belief, Merrill Lynch & Co., Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 North Tryon Street, Charlotte, North Carolina, 28255.  Merrill Lynch & Co., Inc. may be served with process by serving its registered agent, The Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801.

10.     Upon information and belief, Merrill Lynch, Pierce, Fenner & Smith, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 401 N. Tryon St., NC1-021-02-20, Charlotte, NC  28255.  Merrill Lynch, Pierce, Fenner & Smith, Inc. may be served with process by serving its registered agent, CT Corporation System at 150 Fayetteville St., Box 1011, Raleigh, NC  27601.

11.     Upon information and belief, OptionsHouse, LLC is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of

Delaware, with its principal place of business at 141 W. Jackson Blvd., Suite 800, Chicago, IL 60604.  OptionsHouse, LLC may be served with process by serving its registered agent, The Corporation Trust Co. at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

12.     Upon information and belief, PEAK6 Investments, L.P. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 141 W. Jackson Blvd., Suite 500, Chicago, IL 60604.  PEAK6 Investments, L.P. may be served with process by serving its registered agent, The Corporation Trust Co. at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

13.     Upon information and belief, PEAK6 Capital Management, LLC is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 141 W. Jackson Blvd., Suite 500, Chicago, IL 60604.  PEAK6 Capital Management, LLC may be served with process by serving its registered agent, The Corporation Trust Co. at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

14.     Upon information and belief, Scottrade, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Arizona, with its principal place of business at 700 Maryville Centre Drive, St. Louis, MO 63141.   Scottrade, Inc. may be served with process by serving its registered agent, CT Corporation System at 2394 E Camelback Rd., Phoenix, AZ  85016.

15.     Upon information and belief, Scottrade Financial Services, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 700 Maryville Centre Drive, St. Louis,

MO 63141.  Scottrade Financial Services, Inc. may be served with process by serving its registered agent, The Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801.

16.    Upon information and belief, TD Ameritrade Holding Corporation is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4211 S. 102nd St., Omaha, NE  68127.  TD Ameritrade Holding Corporation may be served with process by serving its registered agent, Corporation Service Company at 2711 Centerville Road Ste. 400, Wilmington, DE  19808.

17.    Upon information and belief, TD Ameritrade, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of New York, with its principal place of business at 4211 S. 102nd St., Omaha, NE  68127.  TD Ameritrade, Inc. may be served with process by serving its registered agent, Corporation Service Company at 80 State Street, Albany, New York, 12207-2543.

18.    Upon information and belief, Zecco Holdings, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Airport Blvd, Ste. 320, Burlingame, CA 94010.  Zecco Holdings, Inc. may be served with process by serving its registered agent, National Corporate Research, Ltd. at 523 W 6th St, Ste. 544, Los Angeles, CA  90014.

19.    Upon information and belief, Zecco Trading, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business at 35 N. Lake Ave., Ste. 500, Pasadena, CA 91001.  Zecco Trading, Inc. may be served with process by serving its registered agent, CT Corporation System at 818 W. Seventh St., Los Angeles, CA 90017.

20.     Upon information and belief, Zecco Forex, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Airport Blvd, Ste. 320, Burlingame, CA 94010.  Zecco Forex, Inc. may be served with process by serving its registered agent, National Corporate Research, Ltd. at 523 W 6th St, Ste. 544, Los Angeles, CA  90014.

## II.    JURISDICTION AND VENUE

21.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 20 as though fully set forth in their entirety.

22.     This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*.  This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

23.     Personal jurisdiction exists generally over each of the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas.  Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

24.     Defendant E*Trade maintains at least two business locations in the State of Texas.

25.     On information and belief, E*Trade also directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or

7

markets products and services within the Eastern District of Texas, through its www.etrade.com website, that infringe the patents-in-suit.

26.     Defendant Charles Schwab maintains at least eighteen branch offices within the State of Texas, at least two of which are located within the Eastern District of Texas.

27.     On information and belief, Charles Schwab also directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas, through its www.schwab.com website, that infringe the patents-in-suit.

28.     Defendant Merrill Lynch maintains at least thirty-seven business locations in the State of Texas, including at least thirty-one branch locations in the State of Texas with six of those branches located in the Eastern District of Texas.

29.     On information and belief, Merrill Lynch also directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas, through its www.merrilledge.com website, that infringe the patents-in-suit.

30.     On information and belief, OptionsHouse directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas, through its www.optionshouse.com website, that infringe the patents-in-suit.

31.      Defendant Scottrade maintains at least thirty-five branch offices in the State of Texas, at least five of which are located within the Eastern District of Texas.

32.     On information and belief, Scottrade directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas, through its www.scottrade.com website, that infringe the patents-in-suit.

33.     Defendant TD Ameritrade maintains at least eight branch offices within the State of Texas, at least one of which is located within the Eastern District of Texas.  Upon information and belief, TD Ameritrade also operates a technology center in the State of Texas, hosting approximately one thousand workers, including its enterprise technology services group that is responsible for the design and development of TD Ameritrade's information technology systems and infrastructures that support its business operations.

34.     On information and belief, TD Ameritrade also directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas, through its www.tdameritrade.com website, that infringe the patents-in-suit.

35.     On information and belief, Zecco directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas, through its www.zecco.com website, that infringe the patents-in-suit.

36.     Venue is appropriate in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)–(c), 1400(b), and 1404.

## III.   PATENT INFRINGEMENT

37.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 36 as though fully set forth in their entirety.

38.    United States Patent No. 6,687,745 ("the '745 Patent") entitled "System and method for delivering a graphical user interface of remote applications over a thin bandwidth connection," was duly and legally issued by the United States Patent and Trademark Office on February 3, 2004 after full and fair examination.  An *inter partes* reexamination of the '745 Patent was filed on August 3, 2007.  On March 1, 2011, the United States Patent Office duly and legally issued an *Inter Partes* Reexamination Certificate No. 6,687,745 C1 confirming the patentability of all claims of the '745 Patent and adding claims 27-104 determined to be patentable.  Droplets is the assignee of all rights, title, and interest in the '745 Patent, including the right to recover damages for past infringement.  A copy of the '745 Patent is attached as Exhibit A to this Complaint.

39.    United States Patent No. 7,502,838 ("the '838 Patent") entitled "System and method for delivering remotely stored applications and information," was duly and legally issued by the United States Patent and Trademark Office on March 10, 2009 after full and fair examination.  Droplets is the assignee of all rights, title, and interest in the '838 patent, including the right to recover damages for past infringement.  A copy of the '838 Patent is attached as Exhibit B to this Complaint.

40.    E*Trade has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and

software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of E*Trade that transmit and display financial information and that are made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

41.     E*Trade has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:   (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of E*Trade that transmit and display financial information and that are made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

42.     E*Trade indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b).  E*Trade has induced and continues to induce users of the accused applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent.  E*Trade indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the accused applications, software, and computer equipment identified above, E*Trade contributes to the direct infringement of users of said applications, software, and computer equipment.

11

43.     Charles Schwab has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Charles Schwab that transmit and display financial information and that are made available to users through web pages including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

44.     Charles Schwab has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Charles Schwab that transmit and display financial information and that are made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

45.     Charles Schwab indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b).  Charles Schwab has induced and continues to induce users of the accused applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Charles Schwab indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent

by contributory infringement under 35 U.S.C. § 271(c). By providing the accused applications, software, and computer equipment identified above, Charles Schwab contributes to the direct infringement of users of said applications, software, and computer equipment.

46.  Merrill Lynch has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Merrill Lynch that transmit and display financial information and that are made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

47.  Merrill Lynch has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Merrill Lynch that transmit and display financial information and that are made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

48.  Merrill Lynch indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). Merrill Lynch has induced and continues

to induce users of the accused applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Merrill Lynch indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused applications, software, and computer equipment identified above, Merrill Lynch contributes to the direct infringement of users of said applications, software, and computer equipment.

49. OptionsHouse has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of OptionsHouse that transmit and display financial information and that are made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

50. OptionsHouse has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of OptionsHouse that transmit and display financial information and that are made available to users through web pages, including, without

limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

51.     OptionsHouse indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b).  OptionsHouse has induced and continues to induce users of the accused applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent.  OptionsHouse indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the accused applications, software, and computer equipment identified above, OptionsHouse contributes to the direct infringement of users of said applications, software, and computer equipment.

52.     Scottrade has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Scottrade that transmit and display financial information and that are made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

53.     Scottrade has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and

software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Scottrade that transmit and display financial information and that are made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

54.     Scottrade indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b).  Scottrade has induced and continues to induce users of the accused applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent.  Scottrade indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the accused applications, software, and computer equipment identified above, Scottrade contributes to the direct infringement of users of said applications, software, and computer equipment.

55.     TD Ameritrade has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of TD Ameritrade that transmit and display financial information and that are made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

56.     TD Ameritrade has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of TD Ameritrade that transmit and display financial information and that are made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

57.     TD Ameritrade indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b).  TD Ameritrade has induced and continues to induce users of the accused applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent.  TD Ameritrade indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the accused applications, software, and computer equipment identified above, TD Ameritrade contributes to the direct infringement of users of said applications, software, and computer equipment.

58.     Zecco has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Zecco that transmit and display financial information and that are

17

made available to users through web pages, including, without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

59.     Zecco has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Zecco that transmit and display financial information and that are made available to users through web pages, including without limitation, stock charting applications and software; and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

60.     Zecco indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b).  Zecco has induced and continues to induce users of the accused applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent.  Zecco indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the accused applications, software, and computer equipment identified above, Zecco contributes to the direct infringement of users of said applications, software, and computer equipment.

61.     As a direct and proximate consequence of the acts and practices of the Defendants in infringing and/or inducing the infringement of one or more claims of the '745 Patent, Droplets

has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to its business and property rights.

62.    As a direct and proximate consequence of the acts and practices of the Defendants in infringing and/or inducing the infringement of one or more claims of the '838 Patent, Droplets has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to its business and property rights.

63.    As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '745 Patent, Droplets has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

64.    As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '838 Patent, Droplets has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

65.    In addition, the infringing acts and practices of the Defendants has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Droplets for which there is no adequate remedy at law, and for which Droplets is entitled to injunctive relief under 35 U.S.C. § 283.

## IV.    PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A.    A judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '745 Patent;

B.      A judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '838 Patent;

C.      A judgment and order enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '745 Patent;

D.      A judgment and order enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '838 Patent;

E.      A judgment and order requiring each Defendant to pay Plaintiff's damages under 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

F.      An award of all costs of this action;

G.      Pre-judgment and post-judgment interest to the maximum rate allowed by law;

H.      A declaration that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award of Plaintiff's attorneys' fees;

I.      In the alternative, in the event injunctive relief is not granted as requested by Droplets, an award of a compulsory future royalty; and

J.      Such other and further relief as the Court deems just and equitable.

## V.    DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues be determined by a jury.

DATED:  May 13, 2011                          Respectfully submitted,


**MCKOOL SMITH, P.C.**
/s/  Theodore Stevenson, III _____
Theodore Stevenson, III
LEAD ATTORNEY
Texas State Bar No. 19196650
tstevensom@mckoolsmith.com
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel: (214) 978-4974
Fax: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Tel: (903) 923-9000
Fax: (903) 923-9095

Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
MCKOOL SMITH, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Tel: (512) 692-8700
Fax: (512) 692-8744

Brandon M. Jordan
Virginia State Bar No. 75054
bjordan@mckoolsmith.com
MCKOOL SMITH, P.C.
1999 K Street, N.W., Suite 600
Washington, DC  20006
Tel: (202) 370-8387
Fax: (202) 370-8344

James A. Holmes
Texas State Bar No.  00784290
The Law Office of James Holmes, P.C.

212 South Marshall
Henderson, TX 75654
903.657.2800
903.657.2855 (facsimile)
jh@jamesholmeslaw.com

Seth H. Ostrow
NY State Bar  No. 2532257
sostrow@ostrowkaufman.com
Matthew L. Kaufman
NY State Bar No.  4001046
mkaufman@ostrowkaufman.com
OSTROW KAUFMAN LLP
555 Fifth Avenue
19th Floor
New York, NY 10019
Tel: 212.682.9200
Fax: 212.682.9222

**ATTORNEYS FOR PLAINTIFF
DROPLETS, INC.**